**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD ROBINSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PUBLIC DEFENDER'S OFFICE, et al.,<br><br>　　　　　　Defendants. | Civil Action No. 20-4379 (MAS) (DEA)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Edward Robinson's civil complaint. (ECF No. 1.) As this Court previously granted Plaintiff's *in forma pauperis* status in this matter (ECF No. 2), this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed in its entirety.

**I.　　BACKGROUND**

Plaintiff is a state prisoner currently confined in New Jersey State Prison who seeks to raise several claims related to his criminal convictions in the mid-1990s. (ECF No. 1 at 5-10.) First, Plaintiff wishes to raise a claim against Public Defender Joseph Krakora for failing to train his subordinates to recognize "inconsistencies" between Plaintiff's criminal file and the file of another similarly named individual which he vaguely alleges may have somehow impacted his being convicted of robbery and homicide because Plaintiff is "concerned the integrity of our records

cannot be guaranteed." (*Id.* at 4, 10.) Plaintiff does not provide any allegations of actual instances of his records being muddled, or confused, but merely alleges his fear that this could have happened. Second, Plaintiff seeks to raise a claim against Bruce Davis, Administrator of New Jersey State Prison for "not requir[ing] that the Judgement of Conviction" for one of his offenses be "consistent with related documents." (*Id.* at 4.) Plaintiff does not provide any allegations as to how this caused him any harm or violated his rights, however. Finally, Plaintiff seeks to raise a claim against Detective Reyes of the Paterson Police Department who "did not secure" witness statements during interviews conducted in February 1996 relating to Plaintiff's robbery convictions. (*Id.* at 10.) Although Plaintiff asserts that this failing "violates the rules of police procedure," he does not provide any allegations suggesting how or why this failure harmed him or violated his rights.

In addition to the three claims raised against the named Defendants discussed above[1], Plaintiff also seeks to use his current civil rights suit as a vehicle to relitigate his state court post-conviction relief proceedings in this Court. (*Id.* at 5-10). Although the nature of these claims is not abundantly clear from the information Plaintiff provides, it appears he wishes to argue that at least one of his criminal sentences was improper under state law, that various of his trial and previous post-conviction relief attorneys were ineffective in some manner which is unclear from the complaint, and that his criminal proceedings may have somehow been tainted by the fact that another Edward Robinson was going through separate criminal proceedings during the same time frame as his own arrest and conviction. (*Id.*)

---

[1] In addition to the three named individuals, Plaintiff also names the Public Defender's Office, the Department of Corrections, and the Paterson Police Department as Defendants in the caption of his complaint. He does not provide any allegations against these three entities, however.

2

## II.     LEGAL STANDARD

This Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status in this matter. Pursuant to that statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is

liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III.  **DISCUSSION**

In his complaint, Plaintiff seeks to raise claims against three named individual Defendants and the organizations that employ them. First, Plaintiff seeks to bring suit against Joseph Krakora, the New Jersey Public Defender, and the Public Defender's Office for failing to adequately train his subordinates to identify vaguely alleged inconsistencies between his own criminal files and those of another Edward Robinson. Plaintiff is therefore seeking to raise a supervisory claim for relief against Krakora based on alleged failures of the public defenders who acted as his criminal defense attorneys. Even if Plaintiff's complaint adequately pled such a claim,[2] public defenders are absolutely immune from suit under § 1983 for actions taken when acting in the scope of their professional duties as defense counsel as they do "not act under color of state law when performing a lawyer's traditional functions." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *see also Carter*

---

[2] Although there are a "narrow range of circumstances" in which failure to train supervisory liability under § 1983 liability may be premised on a single incident, the failure to properly train criminal attorneys does not fall within that range. *See, e.g., Connick v. Thompson*, 563 U.S. 51, 63-66 (2011). As such, to adequately plead such a claim for supervisory liability, Plaintiff would therefore have to plead a "pattern of similar violations" sufficient to show that the failure to have a proper training policy amounted to deliberate indifference to the plaintiff's rights. *Id.* Plaintiff has pled no such pattern, and his supervisory claim against Krakora fails for that reason as well.

4

*v. Kane*, 717 F. App'x 105, 108 (3d Cir. 2017); *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014). Thus, as Plaintiff's claims derive from alleged errors made by his criminal attorneys performing a lawyer's traditional functions, both Krakora and the Public Defender's Office are immune from suit under § 1983 for these claims. Plaintiff's claims against them are therefore dismissed.

Plaintiff next raises a claim against Bruce Davis and the New Jersey Department of Corrections based on his allegation that Davis did not ensure that Plaintiff's judgment of conviction was "consistent" with related documents, which he believes would somehow have been relevant to his prison classification. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). Plaintiff provides no factual allegations as to how this alleged failure impugned his constitutional rights. As Plaintiff has not pled any facts which even suggest that Davis in any way violated his rights by not ensuring Plaintiff had consistent criminal documents – indeed, Plaintiff provides no indication that a prison administrator has any power over the judgment of conviction issued by a state court – Plaintiff has failed to plead a plausible claim for relief under § 1983. *Id.* Plaintiff's claims against Davis and the New Jersey Department of Corrections must be dismissed.

In his final set of claims against named Defendants, Plaintiff alleges that Detective Reyes of the Paterson Police Department failed to secure various witness statements during his robbery investigation in February 1996. Plaintiff once again fails to plead any facts which would support his contention that this failure in any way violated his federal constitutional rights, and he fails to

state a plausible claim for relief under § 1983 as such. *Id.* Plaintiff's vaguely alleged claims against Reyes and the Paterson Police Department are therefore dismissed.[3]

In addition to his claims for relief against the named Defendants, Plaintiff uses several pages of his complaint to attempt to raise certain claims he had before the state courts in a post-conviction relief petition before this Court and requests that this Court grant him relief on the basis of these challenges to his criminal convictions. A § 1983 civil suit may not be used for such purposes. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (§ 1983 may not be used to challenge "the fact or duration of [criminal] confinement"); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) ("a . . . prisoner's [civil rights] action is barred (absent prior invalidation [of his period of detention]) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal [disciplinary] proceedings) – *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration"). To the extent Plaintiff wishes to raise challenges to his convictions in this Court, he may do so only through filing a habeas petition pursuant to 28 U.S.C. § 2254. *Wilkinson*, 544 U.S. at 78-80 (claims challenging fact or length of conviction or confinement lie "within the core of habeas corpus" and must be raised through a habeas petition and not a civil rights complaint). Plaintiff's challenges to his convictions and sentence, including his request for release, are therefore dismissed without prejudice to his filing a habeas petition, subject to all of the procedural hurdles and limitations applicable to such petitions, should he so choose.

---

[3] Plaintiff's claims against Reyes and the Department all relate to alleged failings in 1996, some twenty-four years before Plaintiff filed his complaint in this matter. As § 1983 claims are subject to a two-year statute of limitations, it appears that Plaintiff's claims against Reyes are almost certainly time barred even had Plaintiff pled a plausible claim for relief. *See, e.g., Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013).

IV. **CONCLUSION**

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety. An order consistent with this Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE